# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| EVERETT ARRINGTON, JOHN COLLINS, LORETTA MAYNOR, JUDY GILREATH, DON FERGUSON, KERRI CRANE, TRACY FERGUSON, WILLIAM FERGUSON, SARA SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | CASE NO. 2:23-CV-269-RWS<br>(Removal from Superior Court of White County, Georgia; SUCV2023000409) |

**DEFENDANT META PLATFORMS, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Meta Platforms, Inc. ("Meta") hereby removes this action from the Superior Court of White County, Georgia, where it is pending as Civil Action No. SUCV202300040, to the United States District Court for the Northern District of Georgia. The Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiffs and Meta, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Grounds for removal are as follows:

## PROCEDURAL BACKGROUND

1. On October 31, 2023, Plaintiffs Everett Arrington, John Collins, Loretta Maynor, Judy Gilreath, Don Ferguson, Kerri Crane, Tracy Ferguson, William Ferguson, and Sara Smith ("Plaintiffs") filed a Complaint against Meta in the Superior Court of White County, Georgia captioned *Everett Arrington, et al. v. Meta Platforms, Inc.*, Docket No. SUCV202300040 (the "State Court Action").

2. On November 14, 2023, Plaintiffs served the Summons, Complaint, and Civil Case Cover Sheet on Meta via personal service.

3. As of this date, no further pleadings have been filed or served in the State Court Action, and no further proceedings have been conducted in the State Court Action. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the entire State Court file, including all "summons, pleadings, and orders" is attached hereto, incorporated herein, and made a part hereof by reference as **Exhibit A**.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Northern District of Georgia, Gainesville Division is the federal judicial district embracing the Superior Court of White County, Georgia where the State Court Action was originally filed.

5. Plaintiffs allege that Facebook (now Meta Platforms, Inc.) shared or otherwise made accessible to third parties (including but not limited to third-party app developers, "whitelisted" parties, business partners, advertisers, and data brokers) user data and data about users' friends without permission of the users whose data was shared, and did not sufficiently monitor and enforce third-party access or use of that data.

6. Plaintiffs opted out of an approved class settlement in *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, ECF No. 1182, 18-MD-2843-VC, (Oct. 10, 2023 N.D. Cal).

7. In the Complaint, Plaintiffs allege claims for fraud in the inducement, invasion of privacy, conversion, intentional infliction of emotional distress, and willfulness and wantonness. Compl. ¶¶ 137-68.

8. For each count, Plaintiffs ask for "compensatory damages in an amount determined by a jury, punitive damages in an amount determined by a jury to punish this Defendant for their wrongful conduct and the wrongful conduct of their employees and those they reserved a right to control and to deter this Defendant and others from committing the same or similar wrongful conduct in the future, court costs and interest as allowed by law, and any all other relief as the Court deems just and proper." *See, e.g.*, *id.* ¶ 168.

9. Plaintiffs' counsel has filed near identical actions in other Georgia state courts, all setting forth the same factual allegations, causes of action, and prayers for relief. *See Glenn, et al v. Meta Platforms, Inc.*, 2023-CV-0150685, Superior Court of Cobb County, Georgia (Oct. 31, 2023); *Johnson, et al v. Meta Platforms, Inc.*, 2023-CV-079800, Superior Court of Bibb County, Georgia (Oct. 31, 2023).

10. In all cases, despite each plaintiff alleging the same facts and bringing the same causes of action, plaintiffs transparently attempt to avoid this Court's jurisdiction by alleging that the amount in controversy for each "does not exceed $74,000.00." *See, e.g.*, Compl. ¶ 5.

11. REMOVAL IS TIMELY

12. Plaintiffs served Meta on November 14, 2023. Because Meta's Notice of Removal is filed within 30 days of service of the Summons and Complaint, it is timely under 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

13. 28 U.S.C. § 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." Here, removal is proper under 28 U.S.C. § 1441

because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

14. Meta denies Plaintiffs' factual allegations and denies that Plaintiffs are entitled to the relief requested. However, based on the allegations in the Complaint and the prayer for relief, all requirements for jurisdiction under 28 U.S.C. § 1332 have been met. Accordingly, this Court has original jurisdiction over this action.

## I. The Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

15. Complete diversity of citizenship exists between Plaintiffs and Meta, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, removal is proper under 28 U.S.C. § 1441(a).

### A. There Is Complete Diversity Between Plaintiffs and Meta

16. Plaintiffs are citizens and residents of Georgia. Compl. ¶ 1.

17. Meta is a corporation incorporated in the State of Delaware and has its principal place of business in Menlo Park, California. Compl. ¶ 2. Meta's officers "direct, control, and coordinate the corporation's activities" in California. *Hertz v. Friend*, 559 U.S. 77, 92-93 (2010) (defining "principal place of business"). California is home to Meta's headquarters—its "nerve center," and

the "actual center of direction, control, and coordination" for the company. *Id.* Meta is not incorporated in Georgia. Meta is thus a citizen of both Delaware and California—not of Georgia. *See* 28 U.S.C. § 1332 ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see also Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1243 n.4 (W.D. Wash. 2016) (taking judicial notice of Meta (f/k/a Facebook) SEC filings to establish that Meta is a Delaware corporation with its principal place of business in California).

18.　Accordingly, there is complete diversity between Plaintiffs and Meta.

### B. The Amount in Controversy Exceeds $75,000

19.　Under 28 U.S.C. § 1332(a), the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." Although Meta denies liability and denies Plaintiffs will be entitled to recover any damages or fees, it is appropriate to examine the amount placed in controversy should Plaintiffs prevail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

20.　Plaintiffs' Complaint alleges claims of fraud in the inducement, breach of privacy, conversion, intentional infliction of emotional distress, and willfulness and wantonness claims. Compl. ¶¶ 137-68. Plaintiffs seek compensatory damages

and punitive damages in an amount determined by a jury, court costs and interest as allowed by law, and any all other relief as the Court deems proper. *See, e.g.*, *id.* at ¶ 168.

21. Although Meta denies that Plaintiffs' claims have any merit, Meta avers, for purposes of the jurisdictional requirements for removal only, that Plaintiffs' requested monetary relief exceeds $75,000.

22. Plaintiffs try to artfully evade the jurisdictional threshold by stating that the amount in controversy "does not exceed $74,000.00." Compl. ¶ 5. But this vague statement is not an unequivocal stipulation binding Plaintiffs to recover no more than $74,000, and as such it is not effective to evade jurisdiction. *Cason v. C.R. Bard, Inc.,* 2012 WL 13239340 at *2 (N.D. Ga. Jul. 24, 2012) ("It is also relevant that plaintiffs have refused to stipulate that they do not seek damages in excess of the jurisdictional minimum.").

23. Here, Plaintiffs' vague allegation of $74,000 in alleged harm should therefore be considered along with the other claimed damages in the complaint, such as punitive damages. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

24. Because Plaintiffs' vague allegation of the amount in controversy is unclear, for purposes of assessing the Court's jurisdiction, it is not unreasonable to

interpret the allegation regarding $74,000 as Plaintiffs' allegation of the compensatory damages at issue. *Pullum v. Ford Motor Company*, 2019 WL 2578948 at *3 (M.D. Ala. June 21, 2019) ("if the Court were to award punitive damages against a company as large as Ford, that award would need to be substantial—certainly in excess of the $75,000 threshold."). In that instance, punitive damages would only need to be just over $1,000 to meet the jurisdictional threshold. Given the claims at issue, the baseline allegation of the amount of compensatory harm, and Plaintiffs' failure to declare that they would refuse to accept $1,000 in punitive damages should they prevail, there is no reason to doubt that the amount of alleged punitive damages placed in issue here will meaningfully exceed $1,000. *Farmer v. Ford Motor Co.,* 2005 WL 3096067 at *1 (N.D. Ga. Nov. 14, 2005) (denying plaintiffs' motion to remand where, despite plaintiffs' ad damnum clause limiting damages to under $75,000, plaintiff refused to stipulate that it would not seek more than the jurisdictional amount); *Roe v. Michelin N. Am. Inc.*, 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2013); *see also Cason v. C.R. Bard, Inc.,* 2012 WL 13239340 at *2 (N.D. Ga. Jul. 24, 2012) ("The conclusion that the amount-in-controversy requirement is satisfied is further supported by the fact that, in addition to compensatory damages, plaintiffs also seek to recover punitive damages, as well as statutorily authorized attorneys'

fees and other expenses of litigation."). Plaintiffs specifically request punitive damages in order to punish Meta and deter it from committing the same or similar alleged conduct in the future. *See, e.g.*, Compl. ¶ 168. Given the size of Meta, and the objective of punitive damages to deter conduct, if Plaintiff were to prevail in proving entitlement to punitive damages, the amount in issue would certainly exceed $1,000, and place in controversy an amount that surpasses the jurisdictional threshold.

25. Furthermore, where a removing defendant alleges that a plaintiff's claim for punitive damages satisfies the amount in controversy, "[the defendant] need only prove the jurisdictional facts necessary to establish that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue—that is, that such damages could be awarded." *McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 731 (11th Cir. 2014). Georgia Code § 51-12-5.1 limits the award of punitive damages to $250,000. This limit exceeds the jurisdictional threshold.

26. Therefore, the total amount in controversy in this case easily exceeds the $75,000 minimum necessary for diversity jurisdiction.

27. Plaintiffs' recitation that, "[t]he amount in controversy for each named Plaintiff does not exceed $74,000.00" is insufficient to defeat this Court's jurisdiction. Compl. ¶ 5. This statement does not bar Plaintiffs from recovering

damages in excess of the jurisdictional threshold, and courts require far more definitive statements from a party before allowing these kinds of transparent statements to defeat jurisdictional requirements. *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012).

28. "[T]he Defendant seeks removal on the basis of § 1332(a), and Georgia permits recovery of damages in excess of the amount demanded. . . . Therefore, the [p]laintiffs' pleadings for less than $75,000 cannot be given decisive weight—they will be treated merely as pieces of evidence supporting remand." *Heath v. ILG Technologies, LLC*, 2020 WL 6889164 at *4 (N.D. Ga. Nov. 24, 2020) (*citing* O.C.G.A. § 9-11-54(c)(1));  *see also* Fed. R. Civ. P. 54(c) (setting out that "final judgment[s] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.").

29. Furthermore, a "district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Roe*, 613 F.3d at 1061. Rather, a court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to ascertain the amount in controversy, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010), and it need not "suspend reality or shelve common sense" when doing so.  *Id.* at 770.

30. Other courts within this circuit have found that if plaintiffs want to avoid the federal forum, they must "formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court." *Smith v. State Farm Fire and Cas. Co*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012).

31. Courts have also recognized that the deference due to plaintiffs' representations is limited where plaintiffs remain vague on whether they will not accept an award greater than $75,000. In *David v. USAA Casualty Insurance Co.*, 2021 WL 1152934, at *4 (N.D. Fla. Mar. 24, 2021), the court found it to be a "meaningful" difference that "Plaintiffs represent that they will not *seek* damages in excess of $75,000, not that they would not *accept* damages in excess of that amount."

32. The Eleventh Circuit similarly recognized the importance of a definitive statement by plaintiffs, crediting a plaintiff's damages limitation clause where the plaintiff "represented that it does not seek and, more importantly, *will not accept* damages in excess of $74,000 exclusive of interest and costs." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (emphasis original).

33. Plaintiffs' complaint contains no limitation that they will seek less than $75,000, let alone that they will not accept damages in excess of that amount. Plaintiffs merely claim that the "amount in controversy . . . does not exceed $74,000.00." Compl. ¶ 5. They do not explain how they each came to this number just below the jurisdictional threshold, which is especially troublesome given that they later ask the Court to separately award "compensatory damages in an amount determined by a jury, [and] punitive damages in an amount determined by a jury to punish the Defendant for its wrongful conduct," plus "any all other relief as the Court deems just and proper." *See, e.g.*, Compl. ¶ 168. This demonstrates that Plaintiffs are attempting to defeat this Court's jurisdiction while simultaneously leaving themselves open to seek and accept damages in excess of the jurisdictional threshold when they are in a state court.

34. While Plaintiffs may be the masters of their complaint, they must choose between limiting their recovery or subjecting themselves to federal jurisdiction. Here, the damages sought ultimately push the amount in controversy above $75,000, and they have not sufficiently disclaimed any intention to accept that amount, so this Court has diversity jurisdiction over the matter.

## NOTICE

35. Meta will promptly serve its Notice of Removal on Plaintiffs and will promptly file a copy of its Notice of Removal with the Clerk of the Superior Court of White County, Georgia in which the action is pending, as required under 28 U.S.C. § 1446(d).

36. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Meta, as well as other documents filed in the State Court Action, are filed concurrently with this Notice of Removal as **Exhibit A**.

37. Meta has given written notice of the filing of this Notice of Removal to the Plaintiff. Defendant Meta filed a written notice with the Clerk of the Superior Court of Gwinnett County, copy of said Notice being marked as **Exhibit "B"**.

## CONCLUSION

38. Meta reserves the right to amend or supplement this Notice of Removal as may be appropriate.

39. Meta submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pleaded any claims upon which relief may be granted.

40. Should Plaintiffs move to remand this case, Meta respectfully reserves the right to oppose remand, and to set forth additional facts and arguments to support the bases for jurisdiction that are outlined in this short and plain statement of the bases for removal jurisdiction.

WHEREFORE, Meta requests that this action be removed from the Superior Court of White County, Georgia to the United States District Court for the Northern District of Georgia.

Respectfully submitted this 14th day of December 2023,

                        **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                  By:  */s/ Lee Clayton*_____
                        Lee Clayton
                        Georgia State Bar No. 601004
                        Sarah R Daley
                        Georgia State Bar No. 644153
                        ***Attorneys for Defendant***
                        ***Meta Platforms, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3231
(404) 874-8800 (ph)
lee.clayton@swiftcurrie.com
sarah.daley@swiftcurrie.com

## 7.1 CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to L.R. 5.1(C).

This 14th day of December, 2023.

                              **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                              By:  */s/ Lee Clayton*_____
                                   Lee Clayton
                                   Georgia State Bar No. 601004
                                   Sarah R Daley
                                   Georgia State Bar No. 644153
                                   ***Attorneys for Defendant***
                                   ***Meta Platforms, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3231
(404) 874-8800 (ph)
lee.clayton@swiftcurrie.com
sarah.daley@swiftcurrie.com

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court via the Court's electronic filing system (CM/ECF) which electronically serves a copy of same upon all parties of record and via United States mail, postage prepaid, and properly addressed as follows:

| | |
|---|---|
| William Gregory Dobson | Todd L. Lord |
| Michael J. Lober | Law Office of Todd L. Lord |
| Lober & Dobson, LLC | 4 Courthouse Square |
| 830 Mulberry St. | P.O. Box 901 |
| Suite 201-Robert E. Lee Building | Cleveland, Georgia 30528 |
| Macon, Georgia 31201 | attytllord@windstream.net |
| wgd@lddlawyers.com | |
| mjlober@lddlawyers.com | |

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   */s/ Lee Clayton*_____
   Lee Clayton
   Georgia State Bar No. 601004
   Sarah R Daley
   Georgia State Bar No. 644153
   ***Attorneys for Defendant***
   ***Meta Platforms, Inc.***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3231
(404) 874-8800 (ph)
lee.clayton@swiftcurrie.com
sarah.daley@swiftcurrie.com

4871-8639-4775, v. 1